IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVID E. DANNER, ESQ.,      )
                                    )
        Plaintiff,          )
                                    )
v.                               )      No. 3:08-0651
                                    )      Judge Nixon
BOARD OF PROFESSIONAL      )
RESPONSIBILITY OF THE TENNESSEE  )
SUPREME COURT; CHARLES A. HIGH,  )
                                    )
        Defendants.       )

## <u>ORDER</u>

On July 31, 2008, the Court held a hearing on Plaintiff's Emergency Motion for Temporary Restraining Order ("Plaintiff's Motion") (Doc. No. 5). As a result of arguments presented at the hearing on Plaintiff's Motion, and after thorough review of the parties' pleadings, the Court determines that this case should be **DISMISSED without prejudice** in accordance with <u>Younger v. Harris</u>, 401 U.S. 37 (1971). Plaintiff's Motion is **DENIED as moot**.

## I.    BACKGROUND

### 1.    Procedural Background

Plaintiff David E. Danner, Esq. ("Mr. Danner") filed suit on June 27, 2008. (Doc. No. 1). Mr. Danner represents himself in this matter and claims violations of 42 U.S.C. §§ 1983 and 1985, the First, Fifth, and Fourteenth Amendments to the United States Constitution, and §§ 8,

-1-

19, and 21 of Article 1 of the Tennessee state Constitution. (Id.). He seeks a declaratory judgment that § 4.3 of Rule 9 of the Tennessee Supreme Court ("§ 4.3") is unconstitutional, an injunction against "any policy, practice, or conduct by Defendants deemed to be in violation of the federal and state constitutions," and an award of attorneys fees and costs. (Id.).

Mr. Danner filed the present Emergency Motion for Temporary Restraining Order (Doc. No. 5) on July 22, 2008. He filed a supporting Declaration of David E. Danner, Esq. (Doc. No. 6) on July 22, 2008, and a supporting Memorandum (Doc. No. 7) on July 23, 2008. Defendants filed a Response in Opposition (Doc. No. 8) along with a supporting Affidavit from Randall J. Spivey, Disciplinary Counsel for the Board of Professional Responsibility of the Supreme Court of Tennessee ("the Board"), (Doc No. 9) on July 23, 2008.

Plaintiff's Motion seeks a preliminary injunction against use of § 4.3 against any lawyer licensed to practice in Tennessee, or in the alternative, against Plaintiff. Section 4.3 authorizes the Board to temporarily suspend the law license of a Tennessee-licensed attorney for failure "to respond to the Board of Disciplinary Counsel concerning a complaint of misconduct." TN. R. S. CT. RULE 9, § 4.3 (2008).

## 2. Factual Background[1]

### 1. *Mr. Danner's Previous Suit Against the Board*

On April 26, 2006, Mr. Danner filed a suit against the Board and its Disciplinary Counsel in the Middle District of Tennessee federal court that was, in all material respects, identical to the present suit. That earlier suit was filed in response to a notice of intention to discipline as

---

[1] All facts are undisputed unless otherwise noted. Facts in this section are taken from the Sixth Circuit's opinion in Danner v. Board of Professional Responsibility of the Tennessee Supreme Court, 2008 WL 1987043 (6th Cir. 2008), and the Affidavit of Randall J. Spivey (Doc. No. 9). Plaintiff's allegations are taken from the Declararation of David E. Danner (Doc. No. 6).

-2-

well as a proposed admonition sent to Mr. Danner by the Board in March, 2006. This notice by the Board was the result of a complaint filed by a former client of Mr. Danner's in February, 2005. In notifying Mr. Danner of its intention to discipline, the Board acted under authority of § 8.1 of Rule 9 of the Tennessee Supreme Court Rules ("§ 8.1"). The basis of Mr. Danner's suit were claims that § 8.1 was unlawful under federal and state constitutions, and that the Board was engaging in retaliatory harassment of Mr. Danner responsive to his engagement in protected speech. The district court dismissed Mr. Danner's suit without prejudice under <u>Younger</u>. Mr. Danner's two subsequent pleas for post-judgment relief were denied, as was his appeal to the Sixth Circuit. <u>Danner v. Bd. of Prof'l Responsibility</u>, 2008 WL 1987043 (6th Cir. 2008).

The present suit arises out of slightly different facts. Two more complaints were filed against Mr. Danner by former clients of his in May, 2007. The Board responded to these complaints by mailing inquiries to Mr. Danner, asking him to justify his conduct and billing practices. The Board avers that it misplaced a few of Mr. Danner's responses to its inquiries, and erroneously issued a Notice of Petition for Temporary Suspension as a result. Mr. Danner timely responded to this Notice, and no action was taken to suspend his law license. It is undisputed that no proceeding is currently ongoing or contemplated for suspension of Mr. Danner's license.

The Notice mailed to Mr. Danner in error was issued under authority of § 4.3. Mr. Danner responded by filing the present suit. The factual differences between this action and the one filed in this District in 2006 are (1) that they arise out of different complaints registered with the Board, and (2) that they challenge different provisions of Rule 9 of the Tennessee Supreme Court Rules, reflective of the different disciplinary actions taken by the Board in the two

-3-

instances. Mr. Danner maintains his claim of unlawful retaliation in violation of the First Amendment.

### 2. *The Board's Ongoing Proceedings Against Mr. Danner*

The Board did not take any disciplinary action against Mr. Danner relative to the 2007 complaints while Mr. Danner's earlier suit was pending in the Sixth Circuit. However, proceedings against Mr. Danner were not closed with regard to those complaints. Since the appellate decision came down in the Board's favor, the Board filed a Petition for Discipline against Mr. Danner on July 21, 2008.

## II. LEGAL STANDARD

Younger held that a federal court should abstain from enjoining certain pending criminal proceedings in state courts. 401 U.S. at 44. The Younger abstention doctrine has been extended to apply to ongoing state civil, Huffman v. Pursue, Ltd., 420 U.S. 592 (1975), and administrative, Middlesex County Ethics Commission v. Garden State Bar Association, 457 U.S. 423 (1982), proceedings. So extended, Younger requires federal court abstention when three (3) conditions are met: (1) the underlying proceedings constitute an ongoing state judicial proceeding; (2) which proceedings involve important state interests; and (3) the underlying proceeding provides adequate opportunity to raise constitutional challenges. Danner, 2008 WL 1987043 at *2; Loch v. Watkins, 337 F.3d 574, 578 (6th Cir. 2003). If these three criteria are met, the burden lies with the plaintiff to prove a Younger exception, "such as bad faith, harassment, or flagrant unconstitutionality." Danner, 2008 WL 1987043 at *2 (quoting Fieger v. Thomas, 74 F.3d 740, 750 (6th Cir. 1996)).

-4-

## III.   ANALYSIS

The Sixth Circuit's decision in <u>Danner</u> controls the Court's decision in this action.[2]  In that case, the appellate court found: (1) that disciplinary proceedings by the Board constitute judicial proceedings (2) that implicate important state interests, and (3) that in the course of Board disciplinary proceedings and subsequent review, attorneys such as Mr. Danner have adequate opportunity to raise constitutional challenges. 2008 WL 1987043 at *3-4.

The only question which <u>Danner</u> does not answer with regard to this proceeding is whether there is an ongoing proceeding by the Board against Mr. Danner.  The Court finds that there is.  A state proceeding is "ongoing" for purposes of <u>Younger</u> when it predates the plaintiff's federal court filing.  <u>Danner</u>, 2008 WL 1987043 at *3.  In the present case, proceedings against Mr. Danner relative to complaints filed against him in 2007 were not resolved at the time of filing in this case.  The Board withheld disciplinary action against Mr. Danner while his earlier appeal was pending in the Sixth Circuit, and has since issued a Petition for Discipline against Mr. Danner that remains pending.

None of the <u>Younger</u> exceptions have been plead or proven in this case.

Mr. Danner argued orally at the hearing on Plaintiff's Motion that <u>Younger</u> ought not apply in this case because, on the facts, Mr. Danner's suit is an exception to the <u>Rooker</u>-<u>Feldman</u> doctrine.  The <u>Rooker</u>-<u>Feldman</u> doctrine prohibits parties from appealing adverse state court decisions in federal district courts.  <u>D.C. Court of Appeals v. Feldman</u>, 460 U.S. 462 (1983); <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923).  <u>Rooker</u>-<u>Feldman</u> and <u>Younger</u> are distinct

---

[2] There was argument at the July 31, 2008 hearing on Plaintiff's Motion regarding whether or not the Board is immune from suit under the Eleventh Amendment.  Plaintiff has subsequently submitted briefing on this issue.  <u>See</u> (Doc. No. 13).  For the reasons discussed below, the Court determines it unnecessary to reach this issue.

doctrines; that one may not apply in a given case has no necessary bearing on the applicability of the other. Mr. Danner made the same Rooker-Feldman argument in his previous suit against the Board, and the Sixth Circuit found it to be without merit. Danner, 2008 WL 1987043 at *5. As a result, Plaintiff presents no valid reason that Younger should not apply in this case.

IV.     CONCLUSION

For the foregoing reasons, the Court **DISMISSES without prejudice** Plaintiff's Complaint under the abstention doctrine of Younger v. Harris. Accordingly, Plaintiff's Emergency Motion for Temporary Restraining Order is **DENIED** as moot.

It is so ORDERED.

Entered this_____day of August, 2008.


JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT

-6-